UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN CARLSON,

        Plaintiff,

vs.                                Case No. 8:05-CV-817-T-24-MSS

LIBERTY MUTUAL
INSURANCE COMPANY,

        Defendant.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Defendant Liberty Mutual Insurance Company's Amended Motion to Tax Costs. (Doc. No. 41). Plaintiff Karen Carlson opposes this motion. (Doc. No. 42).

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs shall be allowed as of course to a prevailing party unless the court directs otherwise. While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). On October 2, 2006, this Court granted Defendant's motion for summary judgment, which disposed of Plaintiff's claims against Defendant. (Doc. No. 37.) Therefore, because Defendant is the prevailing party in this action, it is entitled to recover its costs. *See Head v. Medford*, 62 F.3d 351, 354-55 (11th Cir. 1995). Title 28 U.S.C. § 1920 enumerates expenses that a federal court may tax.

Plaintiff concedes that Defendant is the prevailing party in this action and is entitled to recover costs pursuant to Rule 54(d)(1). However, Plaintiff argues that Defendant is not entitled

to recover fees incurred for the convenience of counsel, including any fees based on ASCII formatted transcripts, miniscripts, or expedited transcripts of the depositions taken in this case. Furthermore, Plaintiff argues that any fees paid for delivery or courier service of the deposition transcripts are not taxable. Expenses incurred for the convenience of counsel, such as photocopies, are generally not taxable. S*ee Fla. Keys Citizens Coalition, Inc. v. U.S. Army Corp of Eng'rs,* 386 F. Supp. 2d 1266, 1271 (S.D. Fla. 2005); *Cappeletti Bros., Inc. v. Broward County*, 754 F. Supp. 197, 198 (S.D. Fla. 1991). Therefore, the Court reduces the award of costs by the total amount of expenses incurred for ASCII formatted transcripts, miniscripts, expedited transcripts, delivery or courier services, and postage. *See Avirgan v. Hull*, 705 F. Supp. 1544, 1546 (S.D. Fla. 1989).

Plaintiff also argues that Defendant is not entitled to expert witness fees for witnesses who were not appointed as experts by the Court. A federal court may tax expert witness fees in excess of the statutory $40 per day limit only when the witness is court-appointed. *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996); 28 U.S.C. § 1821(b) (permitting a witness attending court or a deposition to be paid a $40 attendance fee plus travel expenses). Accordingly because none of the witnesses were Court-appointed expert witnesses, Defendant is entitled to only the statutory limit for each of its six witnesses, plus travel expenses incurred.

Finally, Plaintiff does not dispute that Defendant is entitled to $256 for fees paid to the Clerk of the Court, and therefore, the Court will tax such fees. *See* 28 U.S.C. § 1920(a).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Amended Motion to Tax Costs (Doc. No. 29) is **GRANTED** in the amount of $3,567.23 and **DENIED** as to fees requested for the convenience of the counsel and **DENIED** as to expert witness fees requested beyond the statutory maximum.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of November, 2006.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge